## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **DAVID HLEBOVY**<br>3200 Camfield, Apt. 107<br>Youngstown, Ohio 44511<br><br>and<br><br>**TAWNI GROVE-CABAN**<br>3785 Indian Run Dr. #10<br>Canfield, Ohio 44406<br><br>              Plaintiffs<br><br>   vs.<br><br>**FALCON TRANSPORT CO.**<br>4944 Belmont Ave.<br>Youngstown, Ohio 44505<br><br>    **Also serve:**<br>    **Sarah Brugler**<br>    % Statutory Agent,<br>    4944 Belmont Ave.<br>    Youngstown, Ohio 44505<br><br>and<br><br>**COUNTERPOINT CAPITAL**<br>**PARTNERS, LLC**<br>555 W. 5th Street, 35th Floor<br>Los Angeles, California 90013<br><br>    **Also serve:**<br>    **Chris Iorillo**<br>    % Statutory Agent,<br>    555 W. 5th Street, 35th Floor<br>    Los Angeles, California 90013<br><br>and<br><br>**G. D. LEASING OF INDIANA, INC.**<br>2399 E. 15th Ave.<br>Gary, Indiana 46402<br><br>    **Also serve:** | **CASE NO.  4:19-cv-1018**<br><br>**JUDGE:**<br><br><br><br><br><br><br><br>**CLASS ACTION COMPLAINT AND**<br>**JURY DEMAND** |

**James L. Messenger**                )
℅ Statutory Agent,                    )
6 Federal Plaza Central               )
Youngstown, Ohio 44503                )
                                      )
and                                   )
                                      )
**CHRIS BROUSSARD**                   )
429 E Bethel School Road              )
Coppell, TX 75019                     )
                                      )
and                                   )
                                      )
**NICK SCHRADER**                     )
5530 Coverdale Way                    )
Medina, Ohio 44256                    )
                                      )
             Defendants               )

Plaintiffs David Hlebovy ("Mr. Hlebovy") and Tawni Grove-Caban ( "Ms. Grove-Caban") (hereinafter Mr. Hlebovy and Ms. Grove-Caban will collectively be referred to as "Plaintiffs"), for their Complaint against Falcon Transport Co. ("Falcon"), its alter ego and affiliate G.D. Leasing of Indiana, Inc. ("GD Leasing"), and alter ego and affiliate Counterpoint Capital Partners, LLC ("Counterpoint") (hereinafter Falcon, GD Leasing, and Counterpoint will collectively be referred to as "Defendants"), and Chris Broussard ("Broussard") and Nick Schrader ("Schrader")(hereinafter Broussard and Schrader will collectively be referred to as the "Individual Defendants") state as follows:

## INTRODUCTION

1.      Plaintiffs bring this proposed class action on behalf of themselves and for similarly situated former employees who worked for Defendants (the Class), and who were terminated without cause, as part of, or as the result of a plant closing ordered by Defendants, and who were not provided 60 days advance written notice of their terminations by Defendants, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. §2101-2109 et seq.

2

2.      Plaintiffs and all similarly situated employees seek to recover 60 days of unpaid wages and benefits, pursuant to the WARN Act.

3.      Plaintiffs, and all similarly situated employees, also seek the repayment amounts deducted for fringe benefits from their wages for contributions that Defendants failed to submit to the Falcon Transport/GD Leasing Co. of Indiana Group Health Plan.

4.      Plaintiffs, and all similarly situated employees, seek compensation for accrued but unpaid vacation time and the repayment of Defendants' expenses that employees personally paid.

5.      Plaintiffs, and all similarly situated employees, seek an award of damages against Broussard and Schrader for breaches of fiduciary duties.

6.      In this action, Plaintiffs, on behalf of the Class, seek to enjoin Defendants from dissolving their corporate entities and dissipating their assets pending resolution of the WARN Act claims at issue.

## PARTIES.

7.      Plaintiff David Hlebovy is an individual who resides in the City of Youngstown, Ohio in Mahoning County, Ohio.

8.      Plaintiff Tawni Grove-Caban is an individual who resides in Canfield, Ohio in Mahoning County, Ohio.

9.      Defendant Falcon Transport Co. is incorporated under the laws of Ohio with a principal place of business located at 4944 Belmont Avenue, Youngstown, Ohio 44505. On information and belief, Falcon maintains facilities at the following locations: (1) 2399 E. 15th Avenue, Gary Indiana; (2) 109 Candy Lane, Nashville, Tennessee, (3) 28034 Beverly Road, Romulus, Michigan; (4) 11550 Mahoning Avenue, North Jackson, Ohio; (5) 420 Cover Road, Weirton, West Virginia; (6) 5344 Kansas Avenue, Kansas City, Kansas; (7) 4555 Griddings Road, Lake Orion, Michigan; (8) 11917 Sara Rd., Laredo, TX 78045 (collectively the "Falcon Facilities").

10.     Defendant G. D. Leasing of Indiana, Inc. is incorporated under the laws of Indiana with a principal place of business located at 2399 E. 15th Ave., Gary, Indiana 46402.  Upon information and belief, GD Leasing is an alter ego and/or a single employer under the WARN Act with Falcon. Upon information and belief, Defendant GD Leasing is a wholly owned subsidiary of Falcon that was formed to employ Falcon drivers in order to avoid obligations to the Ohio Bureau of Workers' Compensation.

11.     Defendant Counterpoint Capital Partners, LLC. is a limited liability company organized under the laws of Delaware with a principal place of business located at 555 W. 5th Street, 35th Floor, Los Angeles, California 90013.  Upon information and belief, Counterpoint is an alter ego and/or a single employer under the WARN Act with Falcon. Upon information and belief, Defendant Counterpoint purchased Falcon in or around September 2017.

12.     Defendant Broussard is an individual who resides in the City of Coppell, Texas in Dallas County, Texas. At all times relevant, Broussard was the Chief Executive Officer of Falcon.

13.     Defendant Schrader is an individual who resides in the City of Medina, Ohio in Medina County, Ohio. At all times relevant, Schrader was the Chief Operating Officer of Falcon.

**JURISDICTION AND VENUE.**

14.     The Court has jurisdiction of this action under 28 U.S.C. § 1331 and 29 U.S.C. §2104(a)(5).

15.     This Court has supplemental jurisdiction over Plaintiff's, and the Class's, state law causes of action against Defendants pursuant to 28 U.S.C. § 1367(a), which provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

4

16.     Venue is proper in this district under 28 U.S.C. § 2104(a)(5), since the violation of the WARN Act alleged herein took place in this District and specifically in Youngstown, Ohio.

17.     Venue of Plaintiffs, and the Class's, supplemental State Law causes of action is also proper pursuant to 28 U.S.C. §1391(b) because: (a) Defendants and Individual Defendants are authorized to conduct business in this District and have intentionally availed themselves to the laws and markets within this District; (b) do substantial business in this District; and (c) are subject to personal jurisdiction in this District.

## FACTS RELATED TO THE NAMED PLAINTIFFS.

18.     Plaintiff David Hlebovy was employed by Defendant GD Leasing and worked at Falcon's Youngstown Facility until his termination without cause on or about April 27, 2019.

19.     To date, Plaintiff Hlebovy has not been reimbursed for business expenses he personally paid for Defendants.

20.     At the time of his termination, Plaintiff Hlebovy was entitled to payment for approximately 30 hours of accrued vacation time.

21.     Plaintiff Hlebovy participated in Defendants' Falcon Transport/GD Leasing Co. of Indiana Group Health Plan ("Health Plan"). Defendants withdrew contributions to the Health Plan from Mr. Hlebovy's compensation.

22.     At the time of his termination, Mr. Hlebovy was receiving treatment for vascular issues in his legs. Mr. Hlebovy was notified that his health coverage terminated on April 26, 2019.

23.      Tawni Grove-Caban was employed by Defendant Falcon and worked at Falcon's Youngstown Facility until her termination without cause on or about April 27, 2019.

24.     At the time of her termination, Ms. Grove-Caban was entitled to payment for approximately 72 hours of accrued vacation time.

25. Plaintiff Grove-Caban participated in Defendants' Health Plan, and Defendants withdrew contributions to the Health Plan from her compensation.

26. At the time of her termination, Ms. Grove-Caban was undergoing treatment for diabetes.

27. Ms. Grove-Caban's daughter was also receiving benefits from the Health Plan as Ms. Grove-Caban's dependent. At the time of Ms. Grove-Caban's termination, her daughter was receiving prenatal care.

28. On or about April 29, 2019, the Health Plan issued a notice that all benefits were terminated effective April 26, 2019.

29. On or about April 27, 2019, and thereafter, Defendants ordered termination of Plaintiffs' employment, along with the termination of approximately 200 other employees who worked at or reported to the Youngstown Facility as part of a mass layoff and/or plant closing as defined by the WARN Act. Defendants failed to give employees 60 days advance written notice required by the WARN Act.

30. On or about April 27, 2019, Defendants ordered the termination of approximately 400 employees from Defendants' other Falcon Facilities as part of a mass layoff and/or plant closing as defined by the WARN Act. Defendants failed to give employees 60 days advance written notice required by the WARN Act.

31. Further, based on information and belief, Defendants' failure to give notice under the WARN Act is not excusable under exceptions to the WARN Act's requirements for (a) unforeseen business circumstances and/or (b) the faltering nature of Defendants' business.

## CLASS-ACTION ALLEGATIONS – 29 U.S.C. §2104(a)(5).

32. Plaintiffs restate and realign Paragraphs 1 through 31 of the Complaint as if fully rewritten herein.

33. Plaintiffs bring this action on their own behalf and on behalf of all other similarly situated former employees of Defendants who worked at or reported to one of the Falcon Facilities and were terminated without cause on or about April 27, 2019 and within 30 days of that date, or as the reasonably foreseeable consequence of the mass layoff or plant closings ordered by Defendants on April 27, 2019, pursuant to 29 U.S.C. § 2104(a)(5).

34. Each of the other similarly situated former employees is similarly situated to the Plaintiffs in respect to his or her rights under the WARN Act.

35. The Plaintiffs and the other similarly situated former employees are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

36. Defendants were required by the WARN Act to give the Plaintiffs and the other similarly situated former employees at least 60 days advance written notice of their respective terminations.

37. Prior to their termination, neither the Plaintiffs nor the other similarly situated former employees received written notice that complied with the requirements of the WARN Act.

38. Defendants failed to pay the Plaintiff and the other similarly situated former employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 calendar days following their respective terminations and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits under ERISA for 60 calendar days from and after the dates of their respective terminations.

## CLASS-ACTION ALLEGATIONS RULE 23.

39.     Plaintiffs restate and realign Paragraphs 1 through 38 of the Complaint as if fully rewritten herein.

40.     This action is brought and may be maintained as a class action according to Rule 23 of the Federal Rules of Civil Procedure on behalf of Plaintiffs and all employees who worked at or reported to one of Defendants' Facilities and were terminated without cause on or about April 27, 2019, were terminated without cause within 30 days of April 27, 2019, or were terminated without cause as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendants on or about April 27, 2019, and who are affected employees within the meaning of 29 U.S.C. §2101(a)(5) (the "Class").

41.     Plaintiffs reserve the right to amend this class definition or bring appropriate subclasses if necessary.

42.     Plaintiffs are part of the class they seek to represent. They possess the same interest as the absent Class members and have suffered the same injury.

43.     The proposed Class members are so numerous that joinder of all members is impracticable.

44.     Plaintiffs do not know the exact number of Class members; as such information is in the exclusive control of Defendants and the Individual Defendants.

45.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The common questions of law and fact that affect the Class members include, but are not limited to:

   a.  whether Class members were employees of Defendants who worked at or reported to Defendants' Facilities;

   b.  whether Defendants, as a single employer, terminated the employment of Class members without cause on their part and without giving them 60 days advance written notice;

    c.   whether Defendants paid the Class members 60 days wages and benefits as required by the WARN Act;

    d.   whether Defendants may rely on the WARN Act's "unforeseeable business circumstances" or "faltering company" exceptions as defenses for Defendants' breach of the WARN Act;

    e.   whether Defendants failed to remit funds from Class members' compensation to the Health Plan;

    f.   whether Plaintiffs and Class members are entitled to compensation for accrued vacation time, unreimbursed expenses, and health contributions collected by Defendants;

    g.   whether Plaintiffs and Class members are entitled to damages resulting from the Individual Defendants' fiduciary breaches;

    h.   whether the Court should grant injunctive relief to Class members to prevent the Defendants from dissolving their entities and dissipating any assets;

    i.   whether Plaintiffs and Class members are entitled to punitive damages for Defendants' unlawful conduct; and

    j.   whether Plaintiffs and the Class members sustained damages and the proper measure of damages.

46.    The claims and defenses of the named Plaintiffs are typical of the claims and defenses of Class members.

47.    Plaintiffs will fairly and adequately represent and protect the interests of the Class members. Plaintiffs have retained competent counsel with experience in class-action litigation. Plaintiffs have no interests that are contrary to, or in conflict with, those of the Class that Plaintiffs seek to represent.

48.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy – particularly in the context of WARN Act litigation, where individual Plaintiffs and Class members may lack the financial resources to vigorously prosecute a lawsuit in federal court against Defendants. There will be no difficulty in the management of this action as a class action.

49.     Damages for any individual class member are likely insufficient to justify the cost of individual litigation, so that in the absence of class treatment, Defendants' and Individual Defendants' violations of law would go unremedied.

50.     Defendants and Individual Defendants have acted or refused to act on grounds that apply generally to the Class, as alleged above, and certification is proper under Rule 23(b)(2).

**COUNT I**
**CLAIM FOR RELIEF UNDER THE WARN ACT**

51.     Plaintiffs restate and reallege Paragraphs 1 through 50 of the Complaint as if fully rewritten herein.

52.     At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

53.     At all relevant times, Defendants were an "employer" as that term is defined in 29 U.S.C. §2101(a)(1) and 20 C.F.R. §639.3(a), continued to operate as a business until it decided to order a mass layoff or plant closing at the Falcon Facilities.

54.     The Defendants constituted a "single employer" of the Plaintiffs and the Class members under the WARN Act, in that, among other things:

a.     The Defendants shared common ownership;

b.     The Defendants shared common officers and directors;

c.     All of the Defendants exercised de facto control over the labor practices governing the Plaintiffs and Class members, including the decision to order the mass layoff or plant closings at the Falcon Facilities;

d.     There was unity of personnel policies emanating from a common source between Defendants; and

e.     There was dependency of operations between Defendants.

10

55.     On or about April 27, 2019, the Defendants ordered a mass layoff, plant closing, or termination at the Falcon Facilities, as those terms are defined by 29 U.S.C. §2101(a)(2) and (3).

56.     The mass layoff and/or plant closing at the Falcon Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least 50 of Defendants' employees as well as 33% of Defendants' workforce at the Falcon Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. §2101(a)(8).

57.     The Plaintiffs and the Class members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendants at the Falcon Facilities.

58.     The Plaintiffs and the Class members are "affected employees" of Defendants, within the meaning of 29 U.S.C. §2101(a)(5) of the WARN Act.

59.     Defendants were required by the WARN Act to give the Plaintiffs and the Class members at least 60 days advance written notice of their terminations.

60.     Defendants failed to give the Plaintiffs and the Class members written notice that complied with the requirements of the WARN Act.

61.     The Plaintiffs, and each of the Class members, are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. §2104(a)(7).

62.     Defendants failed to pay the Plaintiffs and each of the Class members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions, and provide employee benefits under COBRA and ERISA for 60 calendar days from and after the dates of their respective terminations.

63.     As a result of Defendants' failure to pay the wages, benefits and other monies described above, the aggrieved employees were damaged in an amount equal to the sum of the Class

11

members' unpaid wages, accrued holiday pay, accrued vacation pay, and benefits which would have been paid for a period of 60 calendar days after the date of the Class members' terminations.

64.     The relief sought in this Count is equitable in nature.

## COUNT II
## DEFENDANTS VIOLATION OF OHIO REVISED CODE SECTION 4115.13

65.     Plaintiffs restate and reallege Paragraphs 1 through 64 of the Complaint as if fully rewritten herein.

Section 4113.15(A) of the Ohio Revised code provides, in pertinent part, that:

> Every individual, firm, partnership, association, or corporation doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month…

Section 4113.15(D)(1) provides, in pertinent part, that:

> "wage" means the net amount of money payable to an employee, including any guaranteed pay or reimbursement for expenses, less any federal, state, or local taxes withheld; any deductions made pursuant to a written agreement for the purpose of providing the employee with any fringe benefits; and any employee authorized deduction.

66.     Upon information and belief, Defendants failed to reimburse Plaintiff Hlebovy and Class members for business expenses incurred in the course of their employment, including but not limited to, toll amounts, ticket fees, and fuel charges.

67.     Plaintiff Hlebovy and Class members incurred the charges now due for reimbursement by Defendants on or before April 27, 2019, when Defendants terminated Class members' employment without cause.

68.     Upon information and belief, Plaintiffs and Class members accrued vacation time as part of their compensation with Defendants, which Defendants have failed to pay Plaintiffs and Class members.

69.    In addition to the foregoing, Section 4113.15(C) of the Ohio Revised Code provides, in pertinent part, that:

> In the absence of a contest, court order or dispute, an employer who is party to an agreement to pay or provide fringe benefits to an employee or to make any employee authorized deduction becomes a trustee of any funds required by such agreement to be paid to any person, organization, or governmental agency from the time that the duty to make such payment arises. No person shall, without reasonable justification or excuse for such failure, knowingly fail or refuse to pay to the appropriate person, organization, or governmental agency the amount necessary to provide the benefits or accomplish the purpose of any employee authorized deduction, within thirty days after the close of the pay period during which the employee earned or had deducted the amount of money necessary to pay for the fringe benefit or make any employee authorized deduction. A failure or refusal to pay, regardless of the number of employee pay accounts involved, constitutes one offense for the first delinquency of thirty days and a separate offense for each successive delinquency of thirty days.

Section 4113.15.(D)(2) defines "fringe benefits" as follows:

> "[f]ringe benefits" includes but is not limited to health, welfare, or retirement benefits, whether paid for entirely by the employer or on the basis of a joint employer-employee contribution, or vacation, separation, or holiday pay.

70.    Upon information and belief, Defendants withdrew contributions for the Health Plan from employee Class members' wages.

71.    However, upon information and belief, Defendants failed to remit contributions withdrawn from Class members' wages to the Health Fund prior to April 27, 2019.

72.    There is no contest, court order, dispute, or any other excuse that would justify Defendants failure to pay the aforementioned wages.

73.    There is no contest, court order, dispute, or any other excuse that would justify Defendants failure to pay the aforementioned fringe benefit contributions as required.

74.     Pursuant to Section 4113.15(C) of the Ohio Revised Code, Defendants have become the trustee of any and all monies due to Class members for unpaid wages and/or fringe benefits owed and unlawfully withheld.

75.     Pursuant to 4113.15(B), due to Defendants' failure to pay Class members for unpaid wages and/or fringe benefits owed and unlawfully withheld, Defendants are liable for liquidated damages in the amount due plus 6% or $200, whichever is greater.

## COUNT III
## FALCON, GD LEASING, AND COUNTERPOINT ARE ALL ALTER EGOS OF ONE ANOTHER AND ARE JOINTLY AND SEVERALLY LIABLE FOR EACH'S UNLAWFUL ACTS

76.     Plaintiffs restate and reallege Paragraphs 1 through 75 of this Complaint as if fully rewritten herein.

77.     Upon information and belief, Falcon, GD Leasing, and Counterpoint have substantially identical management.

78.     Upon information and belief, Falcon, GD Leasing and Counterpoint have substantially identical ownership.

79.     Upon information and belief, Counterpoint's control over Falcon and GD Leasing was so complete, that Falcon and GD Leasing had no separate mind, will or existence of their own.

80.     Upon information and belief, Counterpoint exercised control over Falcon and GD Leasing in such a manner as to commit fraud, an illegal act, or a similarly unlawful act.

81.     Injury or unjust loss resulted to the Plaintiffs and Class members from the control and wrongdoing of Falcon, GD Leasing, and Counterpoint.

82.     Upon information and belief, Falcon, GD Leasing and Counterpoint are alter ego entities of one another.

83.     As alter egos of one another, Falcon, GD Leasing and Counterpoint are jointly and severally liable for all unlawful actions taken by Falcon and GD Leasing, including any violations of Ohio Revised Code Section 4113.15.

## COUNT IV
## INJUNCTIVE RELIEF AGAINST DEFENDANTS

84.     Plaintiffs restate and reallege Paragraphs 1 through 83 of this Complaint as if fully rewritten herein.

85.     Plaintiffs, on behalf of themselves and other Class members, seek injunctive relief for the purposes of prohibiting Defendants Falcon, GD Leasing, and Counterpoint from dissolving their corporate entities and/or dissipating corporate assets in order to protect Plaintiffs' and the Class members' future damages award.

86.     Upon information and belief, Defendants intend to dissolve their respective corporate entities and liquidate their assets.

87.     Plaintiffs and Class members further seek a prospective order from the Court requiring Defendants to: (1) cease Defendants from dissolving their respective corporate entities – Falcon Transport Co.; G. D. Leasing of Indiana, Inc.; and Counterpoint Capital Partners, LLC; and (2) to prohibit Defendants' attempts to liquidate any and all corporate assets and property.

88.     Plaintiffs and Class members seek an equitable award of back wages under the WARN Act and other relief as set forth in the prayer below.

89.     As a result of Defendants' failure to provide notice under the WARN Act as described above, Plaintiffs and Class members have suffered, and will continue to suffer, irreparable harm and injury.

90.     Accordingly, Plaintiffs and Class members respectfully ask the Court to enter a preliminary injunction under Fed. R. Civ. P. 65 ordering Defendants to cease and desist attempts to

dissolve their corporate entities and/or dissipate corporate assets in order to protect Plaintiffs' and the Class members' future damages award.

## COUNT V
## BREACH OF FIDUCIARY DUTY CLAIMS AGAINST INDIVIDUAL DEFENDANTS BROUSSARD AND SCHRADER

91.     Plaintiffs restate and reallege Paragraphs 1 through 90 of this Complaint as if fully rewritten herein.

92.     At all relevant times leading up to April 26, 2019, Broussard and Schrader engaged in self-dealing, wasted company assets, and mismanaged the affairs of Falcon and GD Leasing.

93.     Upon information and belief, at the end of calendar year 2018 or the beginning of calendar year 2019, Falcon and GD Leasing were insolvent or on the brink of insolvency.

94.     Despite the financial condition of Falcon and GD Leasing, Broussard opened an office in Columbia, and continued to fund operations there, for self-serving reasons which caused the waste of company assets.

95.     Upon information and belief, certain premium contributions deducted from employee's pay for medical, dental and/or vision coverage were not used and/or escrowed for their intended purpose.

96.     Plaintiffs and Class members were not reimbursed business expenses they incurred.

97.     As officers of Falcon, Broussard and Schrader owed fiduciary duties of good faith, loyalty and care to avoid corporate waste and refrain from self-dealing, to the Plaintiffs and Class members.

98.     Broussard and Schrader breached their fiduciary duties of good faith and loyalty to the Plaintiffs and Class members, as well as wasting corporate assets and engaging in gross mismanagement and self-dealing.

99.     As a result of Broussard's and Schrader's breaches of their fiduciary duties, Plaintiffs

and Class members has been damaged by, among other losses, the losses of their wages and benefits and not recovering business expenses owed, in an amount to be determined.

**WHEREFORE**, Plaintiffs, individually and on behalf of the proposed Class of persons described herein, pray the following relief as against Defendants, jointly and severally, and the Individual Defendants:

a) And order certifying the proposed Class (and subclasses, if applicable), designating Plaintiffs as the class representatives, and appointing the undersigned as class counsel;

b) An entry of judgment against Defendants, and in favor of the Plaintiffs and Class members equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA and COBRA benefits, for 60 working days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period;

c) The reasonable attorneys' fees and the costs and disbursements the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. §2104(a)(6);

d) A monetary judgment against Defendants in accordance with Section 4113.15(A) of the Ohio Revised Code for all unpaid wages, fringe benefits, and liquidated damages pursuant to Section 4113.15(B) of the Ohio Revised Code;

e) An order enjoining the Defendants from dissolving their corporate entities and/or dissipating corporate assets;

f) An entry of judgment on the claims for breach of fiduciary duty against the Individual Defendants, and in favor of the Plaintiffs and Class members and an award of compensatory damages and punitive damages in favor of the Plaintiffs and

Class members and against the Individual Defendants in the amount of damages caused by the breaches of fiduciary duties by the Individual Defendants;

g)  Alternatively, in the unlikely event Plaintiffs cannot meet the requirements of Rule 23(b)(3), for an order certifying certain liability issues which exist, predominate, and are susceptible to class-wide proof;

h)  Granting such further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and the Class, hereby demand a trial by jury on all allowable claims and issues.

Date: May 6, 2019                    Respectfully Submitted,

_/s/  James M. Kelley_____
James M. Kelley, III (0061990)
Kimberly C. Young (0085794)
Gary Cowan (0039852)
**ELK & ELK CO. LTD.**
6105 Parkland Blvd, Suite 200
Mayfield Heights, OH 44124
PH: 440-442-6677 | FX: 440-442-7944
Email: jkelley@elkandelk.com
        ekilbane@elkandelk.com


_/s/  Robert J. Dubyak_____
Robert J. Dubyak (0059869)
Christina C. Spallina (0088548)
**DUBYAK NELSON, LLC**
6105 Parkland Blvd, Suite 230
Mayfield Heights, OH 44124
PH: 216-364-0500 | FX: 216-364-0505
Email: rdubyak@dubyaknelson.com
        cspallina@dubyaknelson.com

*Attorneys for Plaintiffs and the Proposed Class*